**Maria M. RIVERA RODRIGUEZ, Plaintiff,**

v.

**POLICE DEPARTMENT OF PUERTO RICO, et al., Defendant.**

**Civil No. 96–2034(JP).**

United States District Court, D. Puerto Rico.

July 1, 1997.

Federico Lora–López, San Juan, PR, for Plaintiff.

Carmen P. Figueroa, Dept. of Justice, Federal Litigation Div., San Juan, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

Currently pending before the Court are defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (**docket No. 18**) and plaintiff's opposition thereto (**docket No. 20**). This Court has jurisdiction to adjudicate this dispute pursuant to 28 U.S.C. § 1331.

## I. Introduction

Plaintiff claims she is an insulin dependent diabetic who has held a regular career position as a Press Officer with the Puerto Rico Police Department ("PRPD") since 1986. Plaintiff was originally assigned to PRPD Headquarters in Hato Rey where she allegedly had access to all facilities and accommodations necessary to enable her to enjoy equal employment opportunities. On January 10, 1995, plaintiff was transferred to PRPD's Regional Headquarters in Carolina, a duty station she claims lacks the facilities necessary for her to perform the essential functions of her job. Plaintiff alleges that the Carolina Headquarters has no office space, no cafeteria service, no cooler to keep insulin at the proper temperature and no medical facilities within the building. Plaintiff, who must inject insulin in different parts of her body, complains she has no privacy and must share office space with a male police officer. On February 3, 1995, plaintiff demanded reasonable accommodations from Toledo Dávila, who failed to respond to her letter. The accommodation plaintiff requested was to be transferred back to the Headquarters in Hato Rey. Plaintiff claims her sugar level control has been affected, causing her condition to deteriorate, and requiring medical and psychiatric treatment. Plaintiff brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101–12213 (1995), against the PRPD and Toledo Dávila, the Superintendent of Police. Plaintiff seeks compensatory damages for alleged mental trauma in the amount of $300,000.00; punitive damages in the amount of $300,000.00; duplication of any award pursuant to Puerto Rico law; preliminary and permanent injunctions requiring her immediate reassignment to the General Headquarters in Hato Rey, enjoining codefendants from engaging in discriminatory practices, and requiring them to implement a mechanism to investigate and correct valid complaints of discrimination based on disability.

The defendants assert that the Press Officer position did not exist at the Carolina Headquarters when plaintiff was transferred—this position was created for her con-

venience and to fulfill emergency needs. Moreover, defendants claim they didn't know of plaintiff's diabetes at the time of her transfer. Defendants allege that plaintiff's transfer was in compliance with Article 6 of Personnel Public Service Law No. 5 of Oct 14, 1975, P.R. Laws Ann. tit. 3, § 1334 (1992).

On May 30, 1997, codefendant Toledo Dávila moved to dismiss the claims against him in his personal and official capacities. Defendants claim that Toledo Dávila is not an "employer" within the meaning of the ADA and thus is not liable under the Act. In her opposition, plaintiff recognizes that the ADA's definition of "employer" is similar to the definition given in Title VII, and that within the context of Title VII, the circuits are split on the issue of the personal liability of supervisors. Nonetheless, plaintiff asserts that the claims against Pedro Dávila in his official capacity for injunctive relief are appropriate. Plaintiff concludes that codefendant's motion to dismiss should be denied "to the extent it seeks dismissal of plaintiff's claims against the codefendant in his official capacity." Opposition to Motion to Dismiss at 5.

## II. Standard Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). The court must accept as true the well-pleaded factual averments contained in the complaint, while at § the same time drawing all reasonable inferences therefrom in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2576–77, 49 L.Ed.2d 493 (1976); *Correa–Martinez v. Arrillaga–Beléndez*, 903 F.2d 49, 51 (1st Cir.1990). *But see Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987) (quoting

*Snowden v. Hughes*, 321 U.S. 1, 10, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944)).

In opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Inst. of Technology*, 950 F.2d 13, 22 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. *Id.* at 23 (citing *Correa–Martinez*, 903 F.2d at 52; *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989); *Ryan v. Scoggin*, 245 F.2d 54, 57 (10th Cir.1957)). Plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## III. Discussion

42 U.S.C. § 12111 defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person...." The key language with respect to the issue of suits against individuals is "and any agent of such person." Some courts interpret this language broadly to extend liability to "agents" such as supervisors, while other courts rely on the Act's overall language and legislative history in finding that this language was merely Congress' method for incorporating the doctrine of respondeat superior into the law. *See Colón Hernandez v. Wangen*, 938 F.Supp. 1052, 1064 (D.P.R.1996) (surveying jurisprudence on this issue within context of Title VII).

Plaintiff appears to concede that the current trend is to dismiss "individual capacity" suits against supervisors. *See* From the Bar (Federal Bar Association Newsletter, Puerto Rico Chapter), Spring 1997, Issue No. 15 at 5 (collecting cases from various Courts of Appeals). As plaintiff presents no arguments for allowing her claims against codefendant Toledo Dávila in his individual capacity to proceed, we see no reason to depart from the trend. Accordingly, plaintiff's claims against codefendant Toledo Dávila in his individual capacity will be dismissed.

■ Plaintiff insists, however, that her claims against Toledo Dávila in his official capacity are not barred to the extent she seeks injunctive relief. While not barred, they are redundant and potentially confusing. Her citation to *Arroyo Otero v. Hernández Purcell,* 804 F.Supp. 418 (D.P.R.1992) is inapposite inasmuch as it involved a claim under 42 U.S.C. § 1983. Suits against the states under 42 U.S.C. § 1983 are barred by the Eleventh Amendment. However, suits seeking prospective injunctive relief may be brought under Section 1983 against state officials in their official capacities.

■ The need for such a procedural mechanism is unnecessary under the ADA since Congress expressly abrogated the states' Eleventh Amendment immunity under the Act. *See Flamand v. American Int'l Group, Inc.,* 876 F.Supp. 356, 364 (D.P.R.1994) (official/individual capacity analysis is relevant in a cause of action against a public official who may be entitled to full or qualified immunity, as in a section 1983 action). 42 U.S.C. § 12202 provides:

> A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

Plaintiff's claim against Toledo Dávila in his official capacity is merely another way of saying that he is an agent of the PRPD and therefore the PRPD is liable for his official acts. *See Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming supervisory employees as agents of the employer or by naming the employer directly). However, since 42 U.S.C. § 12202 expressly permits plaintiff to obtain injunctive relief against the PRPD, and the PRPD is named as a defendant, plaintiff's claims against codefendant Toledo Dávila in his official capaci-

ty are redundant. *Accord Redpath v. City of Overland Park,* 857 F.Supp. 1448, 1456 (D.Kan.1994) ("where the employer has been sued directly, it is duplicative to sue the supervisory employees in their official capacities"). Therefore, codefendant Toledo Dávila's motion to dismiss the claims against him is hereby GRANTED in full. Judgment shall be entered accordingly.

Although not raised by the defendant, the Court notes that plaintiff seeks punitive damages in the amount of $300,000. The ADA incorporates Title VII's recovery provisions. 42 U.S.C. § 12117(a). The provisions of Title VII provide that a complaining party may recover punitive damages against a respondent other than a government, government agency or political subdivision. 42 U.S.C. 1981a(b). In light of these statutory provisions, plaintiff is hereby **ORDERED** to show cause, **on or before July 18, 1997,** why her claim for punitive damages against the PRPD should not be dismissed. If it desires, PRPD may reply **on or before July 28, 1997,** to any motion filed by plaintiff.

IT IS SO ORDERED.