Adelino **CASTRO ORTIZ**, Plaintiff,

v.

Victor **FAJARDO**, et al., Defendants.

**No. CIV. 00–1083(DRD).**

United States District Court,
D. Puerto Rico.

Feb. 22, 2001.

Adelino Castro–Ortiz, Juncos, Pro Se.

Marie L. Cortes–Cortes, Department of Justice of PR, Federal Litigation Division, San Juan, for defendant.

Nicolas Nogueras–Cartagena, Condado, Pro Se.

## ORDER

DOMINGUEZ, District Judge.

Pending before the Court are co-defendants, the Commonwealth of Puerto and Victor M. Fajardo's Motions to Dismiss under Fed.R.Civ.P. 12(b)(6). (Docket No. 10 and 17). Plaintiff, appearing *pro se,* filed an opposition on January 29, 2001.[1]

---

1. Plaintiff filed an opposition on January 29, 2001, drafted without the assistance of counsel. (Docket No. 29). On February 1, 2001, attorney Nogueras filed an additional opposition to defendants' motions to dismiss and requesting leave to amend the complaint, in addition to a hearing on equitable tolling on behalf of plaintiff. (Docket No. 30). Defendants filed a motion to strike the opposition filed by attorney Nogueras averring that the motion is untimely and was filed in open disregard to the Court's orders. (Docket No. 32). Thereafter, plaintiff filed a motion requesting the Court to disregard the opposition to defendants' motions to dismiss and requests made by attorney Nogueras on February 1, 2001. (Docket No. 33). Plaintiff states that "Nicolás Nogueras Cartagena did not submit the opposition to motions to dismiss on time giving excuses using my name without my knowledge on my part (sic)." (Docket No. 33). The Court finds the opposition filed

(Docket No. 29). Plaintiff's causes of action are founded upon the Titles I and V of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, 12111, et seq., The Rehabilitation Act of 1973, 29 U.S.C. § 793, and the Fifth Amendment to the Constitution of the United States. (Docket No. 1). For the following reasons, defendants' motions to dismiss are **DENIED in part** and **GRANTED in part.**

## I. STANDARD OF REVIEW

When deciding a Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in the plaintiff's favor. *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996); *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). Dismissal is appropriate only when the facts alleged, taken as true, do not justify recovery for the plaintiff. Fed.R.Civ.P. 12(b)(6). Thus, in order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). Although all inferences must be made in the plaintiffs' favor, this court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson,* 83 F.3d at 3.

Moreover, when considering a motion to dismiss under Rule 12(b)(6) "our focus [must be] limited to the allegations of the complaint." *Litton Indus., Inc. v. Colon,* 587 F.2d 70, 74 (1st Cir.1978)(internal quotations omitted). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim ...." *Id.; see also Doyle,* 103 F.3d at 190. Recently, in *Wagner v. Devine,* 122 F.3d 53 (1st Cir.1997) the First Circuit held that a Court must "affirm a dismissal for failure to state a claim only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory." *Id.* at 55. The Supreme Court decades ago explained in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), that

> "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Id.* at 45–46, 78 S.Ct. 99. With this standard in mind, all of the facts alleged in the complaint are accepted as true. *See Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989); *Gooley,* 851 F.2d at 514.

Defendants aver that plaintiff has failed to state a claim upon which relief can be granted because plaintiff: 1) failed to exhaust administrative remedies; 2) failed to include the Rehabilitation Act and Fifth Amendment claims in his EEOC charge; 3) failed to establish a *prima facie* case of retaliation under the ADA; 4) defendant Victor Fajardo cannot be sued in his personal capacity; and 5) no punitive damages are allowed against defendants under the ADA or Rehabilitation Act. (Docket Nos. 10 and 17). The Court will now consider defendant's allegations.[2]

by attorney Nogueras to be untimely. Therefore, plaintiff's request for the Court to disregard the opposition filed on February 1, 2001 and defendants' Motion to Strike are **GRANTED.** The Court will not consider the opposition to defendants' motions to dismiss filed on February 1, 2001.

**2.** Although plaintiff filed an opposition to defendants' motions to dismiss, which included a multitudinous number of documents relating to the case, the Court declines converting the motions to dismiss into motions for summary judgment under FED R. CIV. PROC. 56. *See Garita Hotel, Ltd. v. Ponce Federal Bank,* 958 F.2d 15, 18–19 (1st Cir.1992). In this case, defendants have not been afforded "some type of notice as condition precedent" to the Court's conversion of the motions to dismiss into ones for summary judgment. *Boateng v. InterAmerican University, Inc.,* 210 F.3d 56, 58 (1st Cir.2000). Additionally, the

## II. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

In the motion to dismiss, defendant avers that plaintiff has failed to exhaust administrative remedies by untimely filing the EEOC charge. (Docket Nos. 10 and 17). "[T]he ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e." *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir.1999). "[S]uch compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation [under the ADA]." *Id.* In fact, 42 U.S.C. § 2000e–5(e), in pertinent part states that a charge is to be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within three hundred days if "the person aggrieved has initially institutionalized proceedings with [an authorized] State or local agency" or "within thirty days after receiving notice that the State or local agency has terminated the proceedings with a State or local agency, whichever is earlier." The statutory period's function is to "protect[ ] employers from the burden of defending claims arising from employment decisions that are long past." *O'Rourke v. City of Providence*, 235 F.3d 713, 730 (1st Cir. 2001) (citing *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 47 (1st Cir.1999)).

In the complaint, plaintiff states that

"21. Through medical certificate of March 20, 1993, the defendant was informed of the medical definition of OCD, the specific limitations of OCD and the medical recommendations for an adequate supervision of performance in the workplace (classroom).

22. Subsequently, numerous medical certificates were sent to the Department of Education due to violations to the recommendations made by Dr. Carlos O. Perez Cortes. Other specifications were made by Dr. Carlos O. Perez Cortes on March 14, 1996 and March 11, 1997 due to other violations to his medical recommendations that were related to the plaintiff's condition.

23. On August 23, 1996, the school director, Irma D. Rivera Olmeda, in accordance with superintendent William Torres Cruz and Regional Director Amparo Rodriguez Alejandro, transferred plaintiff from Jose de Diego/Jose D. Zayas Elementary School to Luis Muñoz Rivera Elementary School. This action interfered with plaintiff's enjoyment of his duties as an art teacher in such school and aggravated his OCD...

24. During the school years 1996–1998, the director of the Luis Muñoz Rivera Elementary School, Ms. Marilyn Felix Martinez have constantly violated the recommendations constantly made by plaintiff's psychiatrist in relation to his condition of OCD...

26. On March 3, 1998 plaintiff sent a complaint to the Department of Education regarding an action of the Director and another teacher, Mr. Joel Diaz Rivera which affected the plaintiff's OCD condition.

27. On December 9, 1998, the defendant released plaintiff from his essential functions as an art teacher with pay.

29. On April 1999 the plaintiff formally applied to defendant, Department of Education for [a] reasonable ac-

Court has had a very difficult time deciphering plaintiff's arguments. Plaintiff's opposition does not contain any case law or any clear statements as to what his arguments are, in fact, the opposition consists of a long list of "facts" which refer the Court to the numerous attachments filed by plaintiff. Therefore, the Court will address defendant's motions under the Fed.R.Civ.P. 12(b)(6) standard.

commodation under [the] A.D.A. Dr. Carlos O. Perez Cortes had previously suggested reasonable accommodations and other considerations through medical recommendations throughout the years from 1993 onward.

31. On May 25, 1999 the EEOC received a complaint from plaintiff, Mr. Adelino Castro, after he had waited a reasonable time without a response from the Department of Education.

35. On August 13, 1999, Ms. Irma A Gimenez Lopez denied the reasonable accommodation based on the charges previously formulated by her . . ."

(Docket No. 2).

■ It is clear plaintiff's filing of the EEOC claim is untimely, as to the events that took place in paragraphs 21, 22, 23, 24, 26 and 27. (Docket No. 2). The events that took place between 1993 through 1998, fall outside the three hundred day time period allowed by the statute for filings with either the EEOC or the available state agency. *See* 42 U.S.C. § 2000e–5. The only date that falls within the allotted time to file a claim was the request for a reasonable accommodation, however, the injury did not take place the date he requested a reasonable accommodation, but the day the denial was issued. As stated in the compliant, the EEOC claim was filed on May 1999, and the denial of benefits took place three months after the EEOC charge was filed, on August 1999. (Docket No. 2).[3]

■ In addition, plaintiff does not aver that a continuous violation equitably tolled the limitation period. In any event, plaintiff's tolling argument would lack merit.

"The continuing violation doctrine is an equitable exception that allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is 'some violation within the statute of limitations period that anchors the earlier claims.' " *O'Rourke*, 235 F.3d at 730 (citing *Provencher v. CVS Pharmacy*, 145 F.3d 5, 14 (1st Cir.1998)). "No continuous violations can be found where the plaintiff was aware of the alleged discrimination outside the time for filing a charge." *Landrau–Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607, 612 (1st Cir.2000). *See O'Rourke*, 235 F.3d at 731. Moreover,

"Even where a plaintiff alleges a violation within the appropriate statute of limitations period, the continuing violation claim will fail if the plaintiff was or should have been aware that the was being unlawfully discriminated against while the earlier acts, now untimely where taking place."

*Landrau–Romero*, 212 F.3d at 612 (citing *Provencher*, 145 F.3d at 14). *See O'Rourke*, 235 F.3d at 731 (One of the criteria in determining if there is a continuing violation is "3) are the acts of sufficient permanence that they should trigger an awareness of the need to assert one's rights?").

As stated in paragraph 24 of the complaint, "[d]uring the school years 1996–1998, the director of the Luis Muñoz Rivera Elementary School, Marilyn Felix Martinez . . . constantly violated the recommendations made by plaintiff's psychiatrist in relations to his condition of OCD." (Docket No. 2). Additionally, plaintiff avers that "numerous medical certificates were sent to the Department of Education due to violations to the recommendations

---

**3.** The Court notes that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *O'Rourke*, 235 F.3d at 725 n. 3 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). However, plaintiff has not alleged that waiver, estoppel or equitable tolling are applicable to the instant case in order to counter defendants' argument that plaintiff's EEOC claim is untimely.

made" by plaintiff's psychiatrist, specifically on March 14, 1996 and March 11, 1997. (Docket No. 2). Thus, plaintiff apparently was aware of the alleged discrimination a at least a full year before he filed his charge with the EEOC. Accordingly, the doctrine of continuing violation cannot save plaintiff's failure to file a timely claim.

■ Defendants also allege that plaintiff failed to exhaust administrative remedies as to his Rehabilitation Act claim. (Docket Nos. 10 and 17). As recently stated by this Court,

> "[T]here is a split among the Circuits as to whether the Rehabilitation Act requires the exhaustion of administrative remedies prior to filing a claim in federal court. The majority of Courts, however, hold that a plaintiff need exhaust [his] administrative remedies under the Rehabilitation Act prior to proceeding with a judicial claim."

*Sifre v. Department of Health*, 38 F.Supp.2d 91, 104 (D.P.R.1999) (internal citations omitted). *See Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir.1998) (holding that plaintiff is obliged to exhaust administrative remedies prior to filing a claim under the Rehabilitation Act.). Plaintiff did not include Rehabilitation Act claims in the EEOC charge. (Docket No. 2). Therefore, plaintiff's ADA and Rehabilitations Act claims must be dismissed for failure to exhaust administrative remedies.

## B. Plaintiff's Fifth Amendment and Rehabilitation Act Claims

Defendants further aver that the Fifth Amendment and Rehabilitation Act claims against them should be dismissed because they were not included in the charge filed with the EEOC. (Docket Nos. 10 and 17). The purpose of filing an administrative claim for discrimination is to provide defendants with "prompt notice of claims and to create an opportunity for early conciliation." *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir.1996). Further,

"That purpose would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action. Consequently, we have stated that, in [cases involving discrimination], 'the scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of the charge.' " *Id.* (citing *Powers v. Grinnell Corp.*, 915 F.2d 34, 37 (1st Cir.1990). *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)).

■ Still, "an employee is not required to comprehensively set forth with 'literary exactitude' all of the facts and theories upon which his or her claim is based." *Id.* (citing *Powers*, 915 F.2d at 38 (citations omitted)).

"However, *pro se* status does not relieve an employee of the obligation to meet procedural requirements established by law. Even a *pro se* complainant is required to describe the essential nature of the claim and to identify the core facts on which it rests. Moreover, the latitude extended in *pro se* [discrimination cases] does not allow the complainant 'to file general charges with the [administrative agency] . . . and then expect that this allegation will permit all claims . . .' "

*Lattimore v. Polaroid Corp.*, 99 F.3d at 464 (citing *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 673 (8th Cir.1994)). *See United States v. Michaud*, 925 F.2d 37, 41 (1st Cir.1991). The Rehabilitation Act and Fifth Amendment claims against defendants were not included in the administrative claim filed by plaintiff with the EEOC or are listed in the right to sue letter.

■ In addition, even if the Court considers plaintiff's Fifth Amendment claim, plaintiff would not prevail. Pursuant to Rule 12(b)(6), in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary

to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). "[P]laintiffs [cannot] skirt their failure to earmark half-truths by hiding the procedural swaddling of Rule 12(b)(6)." *Gooley*, 851 F.2d at 514. "Although the pleading threshold is low, 'it is real-and it is the plaintiff's burden to take the step which brings this case safely into the next phase of the litigation." *Royal Business Group, Inc.*, 933 F.2d at 1065 (citing *Gooley*, 851 F.2d at 514). The Court finds that plaintiff "ha[s] not made so much as a feeble gesture at putting any flesh on the bare bones of [his Fifth Amendment violation] averments," and that "[t]hose averments comprise solely conclusory allegations, and accusatory epithets." *Id* at 1066. Therefore, since this Court "is neither to 'credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation'," plaintiff's Fifth Amendment violation claim must be **dismissed.**[4] *Washington Legal Found.*, 993 F.2d at 971 (citing *AVX Corp.*, 962 F.2d at 115).

## C. The Retaliation Claim

██ Generally, the basis of a retaliatory claim under the ADA "is that plaintiff engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct." *Sifre v. Department of Health*, 38 F.Supp.2d 91, 101 (D.P.R.1999) (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 386–

87 (6th Cir.1999)). The ADA anti-retaliation provision states:

> "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this chapter."

42 U.S.C. § 12203.

"The First Circuit, in analogizing Title V of the ADA to the Title VII context, has required plaintiff bringing a claim of retaliation to show: (1) that he or she was engaged in protected conduct; (2) that he or she was discharged, and; (3) that there was a casual connection between the discharge and the conduct." *Sifre,* 38 F.Supp.2d at 102. *See Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 16 (1st Cir. 1997). Additionally, "[a] plaintiff need not have succeeded on his or her claim of disability to assert a claim for retaliation." *Id.* The ADA prohibits discrimination based on disability in employment, by public entities in relation to services, programs, benefits or activities.[5] Further, "[p]rotected conduct under the ADA that has been found to be sufficient to state a claim for retaliation includes: requesting accommodation for a disabled person; ... and the filing of an EEOC charge." *Sifre,* 38 F.Supp.2d at 102 (internal citations omitted).

---

**4.** In the complaint, plaintiff only states that the instant case arises under the Fifth Amendment to the Constitution of the United States for violations of plaintiff's due process rights, liberty and property interest. (Docket No. 2). In addition, plaintiff avers in the opposition to defendants' motions to dismiss that defendants engaged in Fifth Amendment violations because "there are students (minors) involved in the case that were limited in receiving academic education related to the Visual Art Field." (Docket No. 29).

**5.** "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual

with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. In addition, § 12182 in pertinent part states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

■ The Court finds that plaintiff has plead enough facts to support a claim of retaliation. First, plaintiff alleges that on April 1999, he requested a reasonable accommodation and on May 25, 1999, he filed an EEOC charge. (Docket No. 2). As previously stated, requesting reasonable accommodation and the filing of an EEOC charge is considered to be protected conduct as defined under the ADA. *Sifre,* 38 F.Supp.2d at 102. Thus, plaintiff engaged in a protected conduct. Second, plaintiff avers that after requesting a reasonable accommodation and filing the EEOC charge, he was finally discharged on December 9, 1999. (Docket No. 2). Therefore, plaintiff has established the second element of his prima facie case for retaliation.

Finally, plaintiff has pleaded enough facts to establish a casual connection between his discharge and the protected conduct. Prior to plaintiff's discharge and the filing of the EEOC charge, on December 9, 1998, plaintiff was suspended by defendant from his essential functions as a teacher albeit with pay. (Docket No. 2). However, plaintiff was formally laid off from his employment subsequent to formally requesting defendants for a reasonable accommodation and the filing of the EEOC charge. (Docket No. 2). In addition, plaintiff avers receiving two letters on June 11, 1999 (subsequent to engaging in the protected conduct), one which informed him that charges were filed against him with the Department of Education and the second letter, an evaluation from a psychiatrist contracted by defendants stating that plaintiff's psychological condition is no impediment to the performance of his duties as a teacher. (Docket No. 2). Accordingly, the Court, after accepting as true all well-pleaded factual claims and indulging all reasonable inferences in favor

of plaintiff finds that defendant has provided enough factual allegations to establish a casual connection between the lay off and the exercise of protected conduct. *See Doyle,* 103 F.3d at 190.

■ In light of the fact that plaintiff has provided enough factual allegations to establish a *prima facie* case of retaliation, defendants' request for the dismissal of plaintiff's retaliation claims must be **DENIED.** However, the Supreme Court recently held in the case of *Board of Trustees of the University of Alabama v. Garrett,* —— U.S. ——, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), that causes of action in federal courts by state employees to recover monetary damages against a State under the Title I of the ADA are barred by the Eleventh Amendment. Therefore, plaintiff's ADA claims requesting monetary damages against defendant must be **dismissed.** Plaintiff's only surviving ADA claim is one for retaliation now limited to seeking the relief of repossession in employment, which is for the Court to adjudicate (no jury trial).[6]

### D. ADA and Rehabilitation Act Claims Against Victor Fajardo in his Personal Capacity

■ The First Circuit Court of Appeals and the Supreme Court have yet to decide this issue of individual liability of supervisors. *See e.g. Serapion v. Martinez,* 119 F.3d 982, 992 (1st Cir.1997) (circuit has not resolved issue and declined to address); *see also Scarfo v. Cabletron Systems, Inc.,* 54 F.3d 931, 951–952 (1st Cir.1995) (similar). This district, and in particular the undersigned, has followed the majority of circuits that have confronted this issue holding that no personal liability can attach to agents and supervisors under Title VII, ADEA, ADA or the Rehabilitation

---

**6.** Plaintiffs claims under the Rehabilitation Act, although barred under motion to dismiss standard because of lack of exhaustion of administrative remedies, on the merits would have suffered the same treatment of dismissal as to monetary damages based on the cases of

*Board of Trustees of the University of Alabama v. Garrett,* —— U.S. ——, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) and *Kimel v. Board of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000).

Act. *See Acevedo Vargas v. Colon*, 2 F.Supp.2d 203, 206–207 (D.P.R.1998) (Title VII); *Rodriguez v. Puerto Rico Marine Management, Inc.*, 975 F.Supp. 115, 120 (D.P.R.1997) (ADEA). *Julia v. Janssen, Inc.*, 92 F.Supp.2d 25, 28–29 (D.P.R.2000) (citing *Diaz v. Antilles Conversion & Export, Inc.*, 62 F.Supp.2d 463, 465 (D.P.R. 1999) (DRD) (ADEA)). *See Vicenty Martell v. Estado Libre Asociado de P.R.*, 48 F.Supp.2d 81, 87 (D.P.R.1999)(SEC) (ADA and ADEA); *Sifre v. Department of Health*, 38 F.Supp.2d 91, 105–106 (D.P.R. 1999) (JP) (ADA and Rehabilitation Act); *Figueroa v. Fajardo*, 1 F.Supp.2d 117, 120 (D.P.R.1998)(RLA)(ADA); *Rivera Rodriguez v. Police Dep't of P.R.*, 968 F.Supp. 783, 785–786 (D.P.R.1997) (JP)(ADA); *Moreno v. John Crane, Inc.*, 963 F.Supp. 72, 76 (D.P.R.1997) (SEC)(ADA); *Figueroa v. Mateco, Inc.*, 939 F.Supp. 106, 107 (D.P.R.1996)(PG) (ADEA); *Anonymous v. Legal Serv. Corp.*, 932 F.Supp. 49, 50–51 (D.P.R.1996) (PG)(ADA); *Flamand v. American Int'l Group, Inc.*, 876 F.Supp. 356, 361–64 (D.P.R.1994) (HL) (ADEA); *see also Meara v. Bennett*, 27 F.Supp.2d 288, 290 (D.Mass.1998)(ADA); *Miller v. CBC Companies, Inc.*, 908 F.Supp. 1054, 1065 (D.N.H.1995) (ADA); *see generally Montez v. Romer*, 32 F.Supp.2d 1235, 1241 (D.Colo.1999) (Rehabilitation Act); *Baublitz v. California*, No. C98–0434 CRB, 1998 WL 427444 at * 1 (N.D.Cal. July 27, 1998) (Rehabilitation Act); *Huck v. Mega Nursing Servs., Inc.*, 989 F.Supp. 1462, 1464 (S.D.Fl.1997) (Rehabilitation Act). Therefore, Plaintiff's ADA and Rehabilitations Act against co-defendant Fajardo in his individual capacity must be **dismissed.**

**E. Punitive Damages are Not Allowed Under the ADA or Rehabilitation Act.**

 Defendant claims that even if plaintiff succeeds with his case, he cannot recover punitive damages pursuant to 42 U.S.C. § 1981a(b)(1) (1998). Defendant is

correct. Governmental entities are exempt from punitive damages under ADA. *See* 42 U.S.C.A. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against respondent (other than a government, government agency, or political subdivision) ...."). Therefore, plaintiff's claim against defendants for punitive damages is **dismissed.**

### CONCLUSION

For the above stated reasons, plaintiff's claims against defendants are hereby **DISMISSED in part** and **DENIED in part.**[7]

IT IS SO ORDERED.

For administrative purposes, this Order disposes of Docket Nos. 10, 17, 30, 31, 32 and 33.

---

7. On February 6, 2001, Nicolás Nogueras Cartagena filed an Informative Motion and Second Motion Requesting Withdrawal of Legal Representation. The motion is **GRANTED.**