James MENDEZ VAZQUEZ, Plaintiff

v.

TRIBUNAL GENERAL DE JUSTICIA, et al., Defendants.

Civil No. 01–1958 (JP).

United States District Court, D. Puerto Rico.

Feb. 9, 2007.

James Méndez–Vázquez, Caguas, PR, pro se.

Ana M. Margarida–Juliá, Esq., María Eugenia Villares–Señeriz, Esq., Puerto Rico Department of Justice, San Juan, PR, for Defendants.

## *OPINION AND ORDER*

PIERAS, Senior District Judge.

The Court has before it Defendants' Motion for Judgment on the Pleadings (**No.98**), and Plaintiff James Méndez Vázquez's response thereto (No. 109). Plaintiff is suing his employer Tribunal General de Justicia and several of its employees under the Americans with Disabilities Act of 1990 ("ADA") over alleged discriminatory practices stemming from Plaintiff's application for reasonable accommodations with the Equal Employment Opportunity Commission ("EEOC") on account of his legal blindness and back problems, the latter developing from work-related tasks. Defendants argue that Plaintiff's suit is barred by the Eleventh Amendment of the U.S. Constitution, that there is no personal liability under the ADA, and that Defendant Tribunal General de Justicia is immune from claims under Titles I and II of the ADA.

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Judgment on the Pleadings (**No.98**).

## I. FACTUAL ALLEGATIONS

Plaintiff James Méndez–Vázquez ("Plaintiff" or "Méndez") has worked for Defendant Tribunal General de Justicia since 1992. Plaintiff alleges that he is legally blind due to his albinism. He alleges that he was first discriminated against by Defendants in January of 1993 when he used too much wax when cleaning a floor. When he told his supervisor that this overuse was due to his poor vision, the supervisor allegedly replied that had he known about Plaintiff's limited vision, he would not have hired him. Plaintiff alleges that Defendant employees of Tribunal General de Justicia have been discriminating against him since early on in his employment, and have failed to provide him with reasonable accommodations. He claims he hurt his back in 1993 while moving some heavy benches, which he was made to do by himself. He also claims that when he tried to administratively assert his rights by contacting the EEOC, he was met with reprisals from his employer. Such reprisals included increased duties and docking him for missed time, marking excused absences as "unexcused," and receiving a written admonishment. Plaintiff alleges that Defendants have called him the "weakest link," and an "opportunist." Plaintiff alleges that Defendant Juan Ruiz–Aponte asked Plaintiff not to use a handicap parking space, despite Plaintiff's pass from the Department of Transportation and Public Works. Plaintiff also alleges he was denied a half-day vacation for Christmas shopping though other employees received one. The parties signed a "Reasonable Accommodation Agreement" in 1995, and Plaintiff alleges that his duties today exceed those delineated in the Agreement. Plaintiff wants relief in the form of having two negative citations removed from his record, and also wants Defendant to abide by the terms of the 1995 Agreement.

Defendants argue that the Eleventh Amendment of the U.S. Constitution effectively bars Plaintiff's claims. Defendants argue that Defendant Tribunal General de Justicia is immune from suit under Titles I and II of the ADA. Defendants also argue that there is no individual cause of action under the ADA, and therefore that Plaintiff's ADA claims against Defendants in their individual capacities must be dismissed.

The Court issued a Partial Judgment in June 2004 (No. 18) dismissing with prejudice Plaintiff's claims against Defendant Tribunal General de Justicia for monetary damages without costs or attorneys fees. The Court denied Defendant's motion to dismiss with respect to Plaintiff's claims for prospective injunctive relief.

## II. LEGAL STANDARD FOR A JUDGMENT ON THE PLEADINGS

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion. "The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." *Pasdon v. City of Peabody,* 417 F.3d 225, 226 (1st Cir.2005) (quoting *Rivera–Gómez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988)). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pasdon v. City of Peabody,* 417 F.3d at 226.

## III. *ANALYSIS*

The ADA prohibits employers from discriminating against qualified individuals with disabilities. 42 U.S.C. § 12112(a). Title I of the ADA prohibits employment discrimination against "a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). "Discrimination" includes:

not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue burden on the operation of the business of such covered entity.

42 U.S.C. § 12112(a)(5)(A). This mandate extends to all job aspects, including job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). Title II of the ADA provides:

no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of such disability, be excluded from participation in or be denied the benefit of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Title V of the ADA provides:

No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203(a). Title V further states:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C. § 12203(b).

Defendants argue that the Eleventh Amendment of the U.S. Constitution bars any actions under the ADA against the Commonwealth of Puerto Rico. Alternatively, Defendants argue that Defendant Tribunal General de Justicia is immune

from claims under Titles I and II of the ADA, and that personal liability cannot attach under the ADA. Defendants' arguments will be examined in turn.

### A. *Eleventh Amendment Immunity*

■ The Eleventh Amendment renders the states immune from any suit in law or equity. *Tennessee v. Lane,* 541 U.S. 509, 518, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). In evaluating Defendants' immunity claim, it is first necessary to determine if Defendant Tribunal General de Justicia is an arm of the state for purposes of sharing immunity. The Court must then determine whether Congress abrogated the state's Eleventh Amendment immunity by resolving two predicate questions: "first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority." *Id.* (quoting *Kimel v. Florida Bd. Of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)).

The First Circuit reformulated its "arm of the state" analysis in *Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. and the Caribbean Cardiovascular Ctr. Corp.,* 322 F.3d 56 (1st Cir.2003). Among the factors that must be considered in determining whether Defendant Tribunal General de Justicia is an arm of the state are how the entity is characterized under state law, the level of control exercised by the state, the entity's relationship to the public treasury (both the relative size of its government appropriation and whether the government is legally liable for the entity's debts), and whether the entity performs a state function. *See Hess v. Port Auth. Trans–Hudson Corp.,* 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994); *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979); *Metcalf & Eddy,*

*Inc. v. P.R. Aqueduct & Sewer Auth.,* 991 F.2d 935 (1st Cir.1993).

The Court does not enter into extensive analysis here because Defendant Tribunal General de Justicia, which translates to Court of First Instance, is Puerto Rico's equivalent of a state court. *See generally* P.R. Laws Ann. tit. 4 § 22 (2002). Neither party contests whether the Tribunal General de Justicia is an arm of the state for purposes of Eleventh Amendment immunity. Accordingly, the Court will continue its analysis viewing Tribunal General de Justicia as an arm of the state and therefore protected by immunity under the Eleventh Amendment, to the extent that said immunity has not been abrogated by Congress. The Court next examines whether Congress has abrogated said immunity under Titles I, II, and V of the ADA.

#### 1. *Title I of the ADA*

■ Title I of the ADA prohibits employment discrimination against qualified individuals with disabilities. 42 U.S.C. § 12111 *et seq.* In *Bd. of Trustees of the Univ. of Ala. v. Garrett,* the Supreme Court concluded that Title I of the ADA was not a valid exercise of Congress' power to enforce the Fourteenth Amendment's prohibition on unconstitutional disability discrimination in public employment. 531 U.S. 356, 368, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The Court held that the historical record and the broad sweep of the ADA suggested that Title I's true aim was not so much to enforce the Fourteenth Amendment's prohibitions against disability discrimination in public employment as it was to "rewrite" the Supreme Court's Fourteenth Amendment jurisprudence. *Id.* at 372–374, 121 S.Ct. 955. The Supreme Court's reach in Garrett applies to suits for money damages against states. *Garrett,* 531 U.S. at 374, 121 S.Ct. 955.

The Supreme Court did not ban suits for injunctions on an immunity basis. *Id., see also Carmona–Rivera v. Commonwealth of P.R., et al.,* 464 F.3d 14, 18 (1st Cir. 2006) (stating that "only injunctive relief is available under Title I"). Accordingly, Plaintiff Méndez' s claims for injunctive relief are not barred by the Eleventh Amendment as per *Garrett.*

 The Court now examines whether Plaintiff has alleged a claim for hostile work environment under Title I. In order for Plaintiff Méndez to succeed on his hostile work environment claim, he must demonstrate "that the complained-of conduct was so severe or pervasive that it altered the terms of her employment." *Pomales v. Celulares Telefónica, Inc.,* 447 F.3d 79, 83 (1st Cir.2006). "There is no mathematically precise test" that can be used to determine when this burden has been met. *Id.; see also Carmona–Rivera,* 464 F.3d at 17–18. Instead, we evaluate the allegations and all the circumstances, considering "the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with an employee's work performance." *Id.; see also Carmona–Rivera,* 464 F.3d at 17–18 (1st Cir.2006).

 Plaintiff alleges the following: his employer said had he known about Plaintiff's disability, he would not have hired him; William Diaz, Chief of the Supplies Office, said at an office meeting that a chain is only as strong as its weakest link, referring to Plaintiff; Defendant Jose Caez–Alonso called Plaintiff an "opportunist"; Defendant Juan Ruiz–Aponte asked Plaintiff not to use a handicap parking space, despite Plaintiff's handicap pass from the Department of Transportation and Public Works; Defendant William Sierra–Vera expanded Plaintiff's duties to cover more work areas without prior review the reasonable accommodations agreement and Plaintiff's health conditions; Defendant Ruiz–Aponte deducted vacation leave from Plaintiff, without a prior verbal warning, when Plaintiff took time to throw out his garbage and stop by his car during work hours; Plaintiff received a written admonishment from Defendant employer; Defendant Ruiz–Aponte attempted to damage Plaintiff's file by recording unauthorized absences; Plaintiff was denied a half-day vacation for Christmas shopping though other employees received one.

The Court finds that at this stage in the litigation, Plaintiff's Complaint sufficiently alleges conduct in violation of Title I of the ADA. The Court therefore denies Defendants' Motion for Judgment as to these Title I claims.

### 2. *Title II of the ADA*

██ In *Tennessee v. Lane,* the Supreme Court held that, as applied to cases implicating the fundamental right of access to the courts, Title II of the ADA is a valid exercise of Congress' enforcement power under the Fourteenth Amendment and therefore is not barred by Eleventh Amendment immunity. 541 U.S. at 533–534, 124 S.Ct. 1978. Recently, the Supreme Court in *United States v. Georgia,* 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006), held that Title II of the ADA validly abrogated state sovereign immunity insofar as it created a private cause of action for damages against the state for conduct that actually violated the Fourteenth Amendment. The First Circuit has not decided whether claims of employment discrimination on the basis of disability may be brought under Title II. Some courts have held that such claims may be stated under both Titles of the ADA. *See e.g. Jackson v. City of Chicago,* 215

F.Supp.2d 975 (N.D.Ill.2002). Others have held that claims of employment discrimination may only be brought under Title I. *See e.g. Zimmerman v. Oregon Dept. of Justice,* 170 F.3d 1169 (9th Cir.1999). This Court has previously held that a claim of employment discrimination may not be maintained under Title II. *See Sepúlveda v. Puerto Rico Courts Administration,* Civil No. 04–2283 (Pieras, J.). Accordingly, insofar as any of Plaintiff's claims are brought pursuant to Title II, those claims are dismissed.

### 3. *Retaliation Claim*

■ Plaintiff alleges that Defendants retaliated against him for demanding his rights under the ADA, which is in violation of Title V of the ADA, 42 U.S.C. § 12203. In establishing a claim of retaliation, a plaintiff must show that he or she (1) undertook protected conduct, (2) suffered an adverse employment action, and (3) that the two were causally linked. *Carmona–Rivera,* 464 F.3d at 14–15; *see also Wright v. CompUSA, Inc.,* 352 F.3d 472, 478 (1st Cir.2003). Plaintiff Méndez satisfies the first requirement. He alleges that Defendants discriminated against him after he inquired about reasonable accommodations, as well as after he filed a complaint before the "Personnel Board," which is currently pending. The First Circuit has held that in the context of employment discrimination, requesting an accommodation is protected activity. *Wright,* 352 F.3d at 478.

Whether Plaintiff satisfies the second requirement is not so easily determined. For instruction, we look to the Supreme Court's holding in *Burlington Northern &*

*Santa Fe Ry. v. White,* —— U.S. ——, 126 S.Ct. 2405, 165 L.Ed.2d 345, stating that the anti-retaliation provision of Title VII "is not limited to discriminatory actions that affect the terms and conditions of employment." —— U.S. ——, 126 S.Ct. 2405. Rather, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." —— U.S. ——, 126 S.Ct. 2405. The alleged retaliatory action must be material, producing a significant, not trivial, harm. *Id.; see also Carmona–Rivera,* 464 F.3d at 14. Trivial actions such as "petty slights, minor annoyances, and simple lack of good manners will not [normally] create such deterrence." *Id.; see also Carmona–Rivera,* 464 F.3d at 14. "Context matters," and "the standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint."[1] *Id., see also Carmona–Rivera,* 464 F.3d at 14.

■ To prove that a hostile work environment constitutes "adverse employment action," the plaintiff must show that the harassment was "so severe or pervasive that it alters the conditions of the plaintiff's employment." *Feliciano–Hill v. Principi,* 439 F.3d 18, 27 (2006) (quoting *Marrero v. Goya of Puerto Rico, Inc.,* 304 F.3d 7, 26 (1st Cir.2002)). Many of Plaintiff Méndez's claims alone do not rise to the level of adverse employment action. Defendants' alleged comments that Plaintiff is the "weakest link" and an "opportunist," for instance, do not constitute a significant harm. Neither does Defen-

---

1. The Court pauses to note that the First Circuit has applied the standard for retaliation suits brought pursuant to Title VII of the Civil Rights Act of 1964 to retaliation suits brought pursuant to the ADA. *See Carmona–*

*Rivera,* 464 F.3d at 14; *Soileau v. Guilford of Maine,* 105 F.3d 12, 13 (1st Cir.1997). Following the First Circuit's lead, this Court does the same here.

dants' decision to deny Plaintiff a half-day vacation for Christmas shopping, or Defendants' action in subtracting time from Plaintiff's time card for not properly clocking out when not working. Plaintiff's strongest retaliation allegations involve Defendants' decision not to allow Plaintiff to use the handicap parking place, and Defendants' decision to increase Plaintiff's employment duties. Considering all of Plaintiff's allegations together, the Court holds that at this point in the litigation, it cannot grant judgment on the pleadings to Defendants on the retaliation claim.

### B. *Individual Immunity Under the ADA*

██ Defendants argue that Plaintiff cannot bring ADA claims for damages against the defendants in their individual capacities. Neither the First Circuit Court of Appeals nor the U.S. Supreme Court has decided whether individual/personal liability may be attached to agents or supervisors under the ADA. See *Castro Ortiz v. Fajardo,* 133 F.Supp.2d 143, 150 (D.P.R.2001); *Serapión v. Martínez,* 119 F.3d 982, 992 (1st Cir.1997); *Oliveras–Sifre v. P.R. Dept. of Health,* 214 F.3d 23, 27 (1st Cir.2000). However, this District has consistently held that, absent clear direction from the First Circuit or the Supreme Court, it continues to follow the majority of circuits in holding that no personal liability may be imposed. *Figueroa–Garay v. Municipality of Río Grande,* 364 F.Supp.2d 117, 130 (D.P.R.2005); *Vicenty Martell v. Estado Libre Asociado de P.R.,* 48 F.Supp.2d 81, 87 (D.P.R.1999); *Sifre v. Department of Health,* 38 F.Supp.2d 91, 105–106 (D.P.R.1999); *Figueroa v. Fajardo,* 1 F.Supp.2d 117, 120 (D.P.R.1998); *Rivera Rodríguez v. Police Dep't of P.R.,* 968 F.Supp. 783, 785–786 (D.P.R.1997); *Moreno v. John Crane, Inc.,* 963 F.Supp. 72, 76 (D.P.R.1997); *Anonymous v. Legal Serv. Corp.,* 932 F.Supp. 49, 50–51 (D.P.R.

1996). For this reason, the Court enters judgment for Defendants as to Plaintiff's claims against Defendants in their personal capacities.

## IV. CONCLUSION

Defendants' motion for judgment **(No.98)** is **GRANTED IN PART AND DENIED IN PART.** The Court grants Defendants' Motion for Judgment as to Plaintiff's claims under Title II of the ADA, and all ADA claims against the individual Defendants. The Court denies Defendants' Motion for Judgment as to Plaintiff's claims under Titles I and V of the ADA.

**IT IS SO ORDERED.**