Hector Rodriguez GUZMAN,
et al., Plaintiff

v.

Hon. Vydia GARCIA, et al., Defendant.

Civ. No. 91–2281(JP).

United States District Court,
D. Puerto Rico.

Sept. 14, 1995.

Francisco González Colón, Jesús Hernández Sánchez, Santurce, PR, for plaintiffs.

Graciela J. Belaval–Bruno, Martinez, Odell & Calabria, San Juan, PR, for Vidia Garcia, Rolando Quevedo–Del–Rio, Luis Raul Diaz–Cuevas, Eva Marrero, Altagracia Pena, Armindo Nunez and Marta Gonzalez–Erick.

Ricardo L. Rodriguez–Padilla, Ricardo Rodriguez Law Firm, San Juan, PR, Graciela J. Belaval–Bruno, Martinez, Odell & Calabria, San Juan, PR, Eduardo C. Navarro–Marquez, Jaime Garcia–Garcia, Enrique A. Rosas–Lopez.

Ricardo L. Rodriguez–Padilla, Ricardo Rodriguez Law Firm, San Juan, PR, for Rigoberto Figueroa–Figueroa.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendants' Motion for Summary Judgment and plaintiffs' Opposition (docket Nos. 46 and 51). During August 1991, the Puerto Rico Legislature passed Law 55 which dissolved the Housing and Urban Renewal Corporation, or Corporación de Renovación Urbana y Vivienda ("CRUV") and guaranteed the CRUV employees who would be displaced by the dissolution of the agency a right of relocation assistance. Plaintiffs, a group of former CRUV employees, filed this action alleging that they were not given adequate employment relocation assistance after the liquidation of CRUV because of defendants' discriminatory animus against them based upon either their political affiliation or their age.[1] They are seeking recovery under 42 U.S.C. § 1983 for alleged violations of their rights protected by the First Amendment, and the Equal Protection Clauses of the Fourteenth Amendment.

Defendants, individuals who hold or have held positions in CRUV or the Puerto Rico Department of Housing, contend that relocation assistance was afforded to all CRUV employees according to neutral criterion established in legislative enactments and executive orders. Defendants further assert that they are entitled to the protections of qualified immunity because their actions did not violate any of plaintiffs' clearly established constitutional rights.

For the reasons stated below, defendants' Motion for Summary Judgment is hereby **GRANTED**.

## I. UNCONTESTED FACTS

The following is a concise statement of uncontested facts as stated by defendants and not controverted by plaintiffs. *See* Defendants' Motion for Summary Judgment, Statement of unopposed facts, (docket No. 46) the Court's Initial Scheduling Conference Order, (docket No. 29) and Court's Opinion and Order (docket No. 20). CRUV was created in 1957 for the purpose of reorganizing the government's public housing and urban renewal programs. 13 L.P.R.A. § 21 *et seq.* The agency began experiencing financial dif-

---

1. All plaintiffs originally argued that the relocation plan violated their rights pursuant to the Due Process Clause of the Fourteenth Amendment. Plaintiffs, however, explicitly retracted this argument in their opposition to defendants' motion for summary judgment. "We agree that the evidence as for the failure to comply with the Loudermill pre-determination hearing is frail and we dismiss that cause of action." Docket No. 51 at 18.

ficulty, and on August 9, 1991, the Puerto Rico Legislature passed Law 55, authorizing the closing of CRUV, and providing for the relocation of CRUV employees. Article 23 of Law 55 grants employees who held permanent, career positions at the time of the CRUV dissolution, "a right of preference to hold permanent positions equal or similar in type to those in other government agency without being subjected" to traditional means of selection and competition for career civil service positions. *See* docket No. 17. The Article further requires the Central Office of Personnel Administration for the Commonwealth of Puerto Rico ("COPA") to establish a Special Register of Preference, containing a list of employees who would be displaced by the CRUV dissolution. The Register would identify the employees' names, classification, years of service and social security numbers. Furthermore, Article 23 of Law 55 provides for the appointment of a Relocation Coordinator assigned to COPA to effectuate the right of preference and to implement the established procedures.

The administrative framework for implementation of the preferential right guaranteed by Article 23 of Law 55, further defined by Executive Order 1991–63, is as follows. First, CRUV would submit to COPA a list of all employees consenting to be transferred to other executive agencies, either to their same positions or demotions. Then, COPA was to evaluate the employees' qualifications in light of the positions available in other agencies. Meanwhile, all executive agencies were required to notify COPA of their intent to hire any individual. Upon such notification, COPA would forward the names of at least five qualified candidates from the Special Register of Preference to the agency. Then, the agency was required to consider the ex-CRUV candidates, and to hire one if the candidate possesses the minimum qualifications. If no ex-CRUV candidate was selected, the agency must notify COPA and follow traditional recruitment procedures. Exempt from these guidelines were positions of trust, transitory, or irregular positions, those subject to collective bargaining, and those reserved for employees on disability or scholarship leaves. If there were two dislocated employees who were both qualified for the same position, the individual with the highest level of seniority was to be given priority. *See* Exhibit O to defendants' motion for summary judgment, docket Nos. 46 and 48.

The Puerto Rico Legislature, on the same day it enacted legislation closing CRUV, passed Law 56 permitting the reduction of years required for retirement by public employees. Those employees under age fifty-five who had worked at least twenty-four and one half years as public employees, would receive sixty-five percent of their salaries. Employees who had worked twenty-four and one half years who were older than 55, as well as those employees who were over 55 years old and had worked at least 30 years as public employees would receive seventy-five percent of their salaries.

On August 27, 1991, employees of CRUV received a dismissal letter effective September 8, 1991. On September 1, 1991, CRUV closed its doors for the last time. Four hundred and twenty-one employees were displaced by the dissolution of the government agency. Within a year all but 35 employees had either relocated or taken early retirement.

## II. PLAINTIFFS ALLEGATIONS

Plaintiffs are sixty-one (61) former CRUV employees. Forty plaintiffs are members of the New Progressive Party ("NPP"), six are members of the Independence Party, seven are members of the Popular Democratic Party ("PDP") who supported the losing candidate for governor, and the remaining eight plaintiffs are individuals who do not identify themselves as members of any political party. Plaintiffs allege that the manner in which the employment relocation assistance guaranteed by Law 55 was administered violated their constitutional rights. Some plaintiffs claim that defendants' failed to relocate them because plaintiffs were not members of the dominant political party, thus violating their right to political affiliation protected by the First Amendment. Other plaintiffs allege that they were not provided employment relocation assistance because they were over forty years of age, in violation of the Equal Protection Clause of the Fourteenth Amend-

ment. Furthermore, plaintiffs assert that defendants, as government officials, violated plaintiffs' federal constitutional rights under the color of law in violation of the Civil Rights Act, 42 U.S.C. § 1983, and that defendants jointly conspired, intentionally and with bad faith, to violate plaintiffs' constitutional rights in violation of 42 U.S.C. § 1985.

## III. DEFENDANTS' ALLEGATIONS

Defendants sustain that the closing and liquidation of CRUV was an economic necessity caused by improper management of the agency. Further, they assert that no discriminatory animus based on political affiliation or age influenced the relocation process of former CRUV employees to other government positions. Moreover, defendants assert that their actions did not unreasonably violate plaintiffs' clearly established constitutional rights. Thus, they contend, they are entitled to the protections of qualified immunity under Eleventh Amendment of the United States Constitution. Finally, defendants deny that any individual government employee acted to violate plaintiffs' constitutional rights under the color of law, or that defendants' conspired to violate plaintiffs' rights.

## IV. THE SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co.,* 814 F.2d 798, 804 (1st Cir.1987); *Peckham v. Ronrico Corp.,* 171 F.2d 653 (1st

Cir.1948). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir. 1989); *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack,* 871 F.2d at 181.

■ The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence [necessary] to enable him to reach the jury with his claim." *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975); *see also Brennan,* 888 F.2d at 191. The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed. R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First National Bank v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). On issues where the non-movant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. *See Anderson,* 477 U.S. at 256–57, 106 S.Ct. at 2514–15. "Even when elusive concepts like motive or intent are in play, summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Pagano,* 983 F.2d at 347 (quoting *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990)).

## V. FIRST AMENDMENT CLAIM

■ It is clearly established that an employer may not fire an employee based solely upon the employee's political affiliation. *El-*

rod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). Likewise, it is constitutionally impermissible for an employer to promote, transfer or engage in a lesser acts of employment retaliation based solely upon an employee's political affiliation. *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990).

In order to establish a prima facie case of political discrimination in employment decisions, plaintiffs must show that their political affiliation was the substantial or motivating factor underlying defendants' failure to provide them with adequate relocation assistance. *Ferrer v. Zayas,* 914 F.2d 309, 311 (1st Cir.1990) (citing, *inter alia, Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 270, 97 S.Ct. 555, 566, 50 L.Ed.2d 450 (1977); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)). Circumstantial evidence may be sufficient to support this contention. *Estrada–Izquierdo v. Aponte–Roque,* 850 F.2d 10, 14 (1st Cir.1988). Defendant then has the opportunity to come forward and rebut plaintiff's contention by proving that there was a legitimate and nonpretextual reason for reaching employment decision. *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Plaintiffs' bear the ultimate burden to prove that defendants acted in a discriminatory manner.

Plaintiffs have failed to make out a prima facie case of discrimination based upon political affiliation. Plaintiffs rely solely on conclusory arguments and unsubstantiated allegations to support their contention that defendants' intentionally discriminated against them based upon their political affiliation. For example, plaintiffs' counsel explains in the opposition to defendant's motion for summary judgment his certainty that defendant's conduct was motivated by a discriminatory intent by stating: "[t]hat I know by experience and Vydia García's actions." Docket No. 49 at 2. Mere conclusory statements regarding political affiliation, however, are insufficient to carry plaintiffs' burden.

*Carrasquillo v. Aponte–Roque,* 682 F.Supp. 137, 141 (D.P.R.1988); *Kauffman v. P.R. Telephone Co.,* 841 F.2d 1169, 1172 (1st Cir. 1988).

Defendants, on the other hand, presented evidence that a system was developed to relocate displaced workers within the government using neutral criteria. *See* Luis Cuevas' sworn affidavit, exhibit No. A1, docket No. 46. After a review of the evidence as presented, it becomes clear that plaintiffs have failed to generate any genuine issue of material fact. Unsubstantiated and uncorroborated assertions made by plaintiffs' counsel and individual plaintiffs stating their belief that defendants harbored discriminatory animus against plaintiffs are insufficient to withstand a motion for summary judgment.

## VI. EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

Some plaintiffs additionally assert that they were denied relocation to another position in an executive agency based upon their age. Plaintiffs have failed, however, to explain how defendants' actions violated plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment. They have not contended that defendants used age as a criterion upon which they would grant assistance, or that defendants in fact categorically denied assistance to individuals over a certain age.

The only evidence presented by plaintiffs is one statement of plaintiff Rivera Valdivieso who indicates that on two separate occasions, she was not hired by an executive agency allegedly because of her age. *See* Exhibit to docket No. 49. She also stated, however, that the two individuals who were hired for the vacant positions were, like plaintiff, both over age 40. If the executive agencies actually hired other individuals who were as old if not older than plaintiff, then it stands to reason that those agencies did not deny individuals a position based solely on age.

A detailed review of the record does not reveal any other evidence or arguments regarding how defendants violated plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment. Therefore, this

cause of action is deemed waived, since "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.... It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990).

## VII. SECTIONS 1983 AND 1985(3) OF THE CIVIL RIGHTS ACT

■ Since plaintiffs' claims do not rise to a level of constitutional violation, they are not cognizable under 42 U.S.C. § 1983. *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir.1990). Furthermore, plaintiffs have failed to prove that a conspiracy existed and that the members of the conspiracy operated to deprive plaintiff of certain federally protected rights. *See Slotnick v. Staviskey*, 560 F.2d 31 (1st Cir.1977); *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir.1990). Therefore, their claims under §§ 1983 and 1985(3) are hereby **DISMISSED.**

## VIII. CONCLUSION

Plaintiffs have failed to adduce enough evidence to support their claims that discrimination based on political affiliation or age was a factor in defendants' conduct creating and implementing a procedure through which employees of a liquidated government agency were offered relocation assistance to positions in other executive agencies. Therefore, defendants' Motion for Summary Judgment is hereby **GRANTED.** Judgment shall be entered accordingly.

IT IS SO ORDERED.