86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Hector RODRIGUEZ-GUZMAN, et al., Plaintiffs, Appellants,
v.
Hon. Vydia GARCIA, etc., et al., Defendants, Appellees.
 No. 95-2090.
 United States Court of Appeals, First Circuit.
 April 26, 1996.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Jaime Pieras, II, Senior U.S. District Judge].
 Raul Barrera Morales with whom Jesus Hernandez Sanchez was on brief for appellants.
 Graciela J. Belaval for appellees.
 D. Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, and COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs are 61 former employees of the Puerto Rico Housing and Urban Renewal Corporation (CRUV) who primarily claim that they were dismissed from public employment based on their political affiliation, in violation of their First Amendment rights.[1] The district court granted summary judgment for the defendants, concluding that the plaintiffs had relied "solely on conclusory arguments and unsubstantiated allegations" and thus had failed to establish a prima facie case of political discharge. We agree that the plaintiffs have not offered competent evidence to rebut defendants' motion, and consequently affirm.
 
 
 2
 We see no need to revisit the facts ably set out by the district court. Guzman v. Garcia, 901 F.Supp. 45 (D.P.R.1995). For the sake of context, we note only that the claims concern the relocation of employees who had been working for CRUV at the time the Legislature decided to dissolve the agency. CRUV employees were ensured priority in hiring elsewhere in the Commonwealth,[2] and this case centers on plaintiffs' allegations that the relocation procedures were administered in a politically discriminatory manner.
 
 
 3
 Nor is it necessary to engage in a lengthy dissertation on the inadequacies of plaintiffs' showing. Indeed, their appellate argument comprises less than six pages, and its centerpiece consists of two types of evidence: first, hiring statistics for the Commonwealth government overall in 1991 and 1992 and for the Housing Department in particular, and, second, reported statements from several non-defendants expressing discriminatory animus toward members of the New Progressive Party ("NPP"). Neither the statistics nor the quoted comments--seemingly hearsay and thus inadmissible at trial--provide evidentiary support for plaintiffs' assertion that they were not transferred because of their political beliefs.[3]
 
 
 4
 We have looked carefully at the statements filed by each plaintiff as part of an Appendix to their Motion in Opposition to Defendants' Motion to Dismiss. These statements contain a jumble of allegations, many of which have nothing to do with the claim of discriminatory implementation of the relocation procedures. Several of the statements directly belie such a claim, asserting that job offers were made but withdrawn because of the plaintiffs' participation in this litigation. Regardless of the lawfulness of such retaliatory conduct, it is not the basis of the claim raised to us.[4]
 
 
 5
 Some plaintiffs similarly attribute discrimination against them to their participation in labor protests. Some make no specific reference to the process following CRUV's dissolution, and instead refer to continuous employment discrimination since the Popular Democratic Party (PDP) took power in 1985. One plaintiff who identifies himself as non-political, stated "I don't know" in completing a portion of the standard form that began "I was discriminated because...." Another acknowledges that she was offered a job, but complains that the procedure was rushed and irregular. Yet another states that he was reinstated in the same position and salary after eight months of unemployment, which appears to be within the one-year relocation period prescribed by Law 55, the statute dissolving CRUV. And another states that he was offered relocation but did not accept the new position because "I consider it a degradation and demotion."
 
 
 6
 In addition, plaintiffs fail to respond to statistics offered by the defendants to show that many NPPs--presumably including some of the plaintiffs--were relocated. Of CRUV's 421 regular employees, plaintiffs claim that 65 percent--275--were NPPs. Of the 87 employees who initially lost their jobs, about 40 were NPPs. Fifty-two of those left unemployed were relocated within one year, including all but 20 of the plaintiffs.[5] In other words, only 20 of the 61 plaintiffs (plus 15 non-plaintiffs) were not placed in new jobs within the one-year relocation period. These numbers, showing that only a small percentage of CRUV's NPP employees were not relocated, do not add up to proof of discrimination based on political affiliation.
 
 
 7
 In concluding that plaintiffs have failed to demonstrate that the district court erred in granting summary judgment for defendants, we do not discount the possibility that some of them suffered from politically based employment discrimination. The history of politics in Puerto Rico makes plausible plaintiffs' allegations that PDP members expressed antipathy for NPP members and over the years gave favorable treatment to their own partisans. On the narrow question before us at this time, however--whether a material factual dispute exists concerning the constitutionality of defendants' implementation of the CRUV relocation procedure--plaintiffs have not demonstrated an entitlement to trial.
 
 
 8
 The judgment of the district court is therefore affirmed. Double costs to appellee.
 
 
 
 [1]
 The complaint asserts a host of other unlawful bases for defendants' actions, including age discrimination and retaliation for participation in labor protests. Plaintiffs also claim a deprivation of due process in the termination procedures and allege a conspiracy in violation of 42 U.S.C. § 1985
 The age discrimination, due process and conspiracy claims are mentioned in the brief without discussion, and there is not even a reference to any other basis for recovery. We have long held that issues addressed in a perfunctory manner are deemed waived, see, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990), and that principle operates in all its force here. We therefore have considered only the claim of politically motivated discharge.
 
 
 [2]
 Contrary to plaintiffs, we do not read the relevant authorities--Law 55 and Executive Order 1991-63--to guarantee employment, but rather to guarantee relocation assistance and priority in hiring during the year after CRUV's closing
 
 
 [3]
 Although plaintiffs emphasize the defendants' antipathy to the New Progressive Party, only 40 of them are NPP members. Six are members of the Puerto Rico Independence Party, six are members of the Popular Democratic Party ("PDP") who do not support the incumbent PDP governor, and nine do not identify with any party. Plaintiffs therefore necessarily claim that the discrimination is not against any particular party but against all those who do not share the defendants' political perspective
 
 
 [4]
 In their Opposition to Defendants' Motion for Summary Judgment, plaintiffs did not dispute defendants' statement that many known NPP followers had been hired during the relocation process, responding instead: "The Trustee Office discriminated against former CRUV's employees for their exercising of the right to file this case, which is violation of plaintiffs First Amendment protected rights." As noted earlier, however, this claim is not raised on appeal
 
 
 [5]
 We are not told the political affiliation of the 20 who remained unemployed