**ANONYMOUS, Plaintiff,**

v.

**LEGAL SERVICES CORP. OF PUERTO RICO, et al., Defendants.**

**Civil No. 95–2079 (PG).**

United States District Court, D. Puerto Rico.

July 24, 1996.

 

*Aqueduct and Sewer Authority,* 86 P.R.R. 490, 496 (1962).

Raúl Barrera–Morales, San Juan, P.R., for Plaintiff.

James D. Noel, III, San Juan, P.R., for Defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff, a former staff attorney for the Legal Services Corporation of Puerto Rico ("LSC"), has brought this suit against the LSC and several former supervisors, Angel Meléndez, Félix Revilla, and Gretchen Coll, alleging violation of the Americans with Disabilities Act (ADA), codified at 42 U.S.C. § 12101, et seq. The defendants seek dismissal on various grounds. The Court will address the arguments beginning with the least, and concluding with the most, meritorious.

■ First, defendants assert that plaintiff lacks standing because plaintiff was not employed by LSC at the time this suit was brought. This "argument" need not detain us long, for the ADA would be of little use to wrongfully discharged plaintiffs if they could not invoke the law's protection. *See e.g., Oswalt v. Sara Lee Corp.,* 74 F.3d 91 (5th Cir.1996) (wrongful discharge claim based on ADA).

■ Second, defendants assert that plaintiff's use of a pseudonym is contrary to the terms of Fed.R.Civ.P. 10(a) ("In the complaint the title of the action shall include the names of all the parties …"). The argument overlooks, however, the long tradition in both federal and state courts of permitting parties to proceed anonymously when they have a strong privacy interest in doing so. Here, plaintiff's allegations involve a treatable mental illness. Given plaintiff's vocation as an attorney, the Court finds plaintiff's privacy interest sufficient to proceed anonymously. *See Doe v. Gaughan,* 808 F.2d 871 (1st Cir.1986) (suit brought by mental patients).

■ Third, defendants contend that plaintiff's filing with the Equal Employment Opportunity Commission was insufficiently specific. The Court recognizes that the charge could have been more detailed. Nonetheless, the Court finds that it was sufficient to provide notice, which is the purpose behind the requirement. The filing identified plaintiff by name, plaintiff's alleged disability, and the general nature of the grievance. That the filing was adequate is evidenced by the defendants' subsequent preparations in this case. For example, the jointly prepared, proposed pretrial order reveals defendants' detailed knowledge of plaintiff's allegations, thus rendering moot—if not disingenuous—defendants' assertion of lack of notice. *See Love v. Pullman,* 404 U.S. 522, 526–27, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972) ("technicalities are particularly inappropriate in a statutory scheme [Title VII] in which laymen, unassisted by trained lawyers initiate the process").

■ Defendants' last argument—that individual supervisors may not be liable under the ADA—stands on firmer ground. The ADA forbids discrimination by any "covered entity," defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12112(a); 12111(2). "Employer" is defined as "a person engaged in an industry affecting commerce … *and any agent* of such person." 42 U.S.C. § 12111(5)(A) (emphasis supplied). Resolution of the question depends on how the "and any agent" language is interpreted.

In this regard, it must be noted that the relevant provisions of the ADA are almost identical to the language used in both the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII). Both the ADEA and Title VII forbid discrimination by an "employer," who is defined as any "person engaged in commerce … [or] *any agent* of such a person." 29 U.S.C. § 623(a), § 630(b) (ADEA); 42 U.S.C. § 2000e, § 2000e(b) (Title VII) (emphasis supplied).

Thus, all three statutes provide that a supervisor is an employer. The weight of authority suggests, however, that Congress in-

cluded the "any agent" language to ensure that courts would impose *respondeat superior* liability upon employers for the acts of their agents, not upon the agents personally. Although the First Circuit has not addressed the question, such is the prevailing view in this district.[1] *Flamand v. American Int'l Group, Inc.*, 876 F.Supp. 356, 361–64 (D.P.R. 1994) (ADEA) (Laffitte, J.); *Hernandez Torres v. Intercontinental Trading, Ltd.*, 1994 WL 752591, *3 (D.P.R.) (Laffitte, J.) (Title VII). I have followed Judge Laffitte's approach to this issue on numerous occasions. *See, e.g., Nogueras v. Univ. of Puerto Rico*, Civil No. 95–1021 (PG), Order of June 20, 1996 (Title VII). Most of the circuit courts of appeals that have addressed the issue have found likewise. *U.S. E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1281–81 (7th Cir.1995) (surveying Title VII and ADEA cases in holding that the ADA does not impose individual liability).

Given that the ADA's precursor statutes— the ADEA and Title VII—have been construed as precluding the imposition of personal liability, it would appear that Congress, through its use of identical language, intended the same rule to apply in the ADA. Therefore, the complaint must be **DISMISSED** to the extent it seeks to impose personal liability on the individually named defendants.

 The suit, however, names the defendants in both their personal and official capacities. The Court frequently sees suits denominated in this manner. The question is whether the official-personal capacity distinction is useful outside of suits against government officials. The Court agrees with Judge Laffitte that it is not. *Flamand*, 876 F.Supp. at 364; *Hernandez Torres*, 1994 WL 752591, *6. Because the LSC is liable for the conduct of its employees through *respondeat superior*, the naming of the individual defendants in their "official capacities" is redundant, and could, potentially, be confusing to a jury. Such claims must, therefore, be **DISMISSED.**

With these considerations in mind, defendants' motion (Dkt. # 2) is **GRANTED IN PART.** All claims against the individually named defendants, both in their official and personal capacities, shall be **DISMISSED.** In all other regards, defendants' motion is **DENIED.**

**IT IS SO ORDERED.**

---

1. The issue was raised squarely in *Scarfo v. Cabletron Systems, Inc.*, 54 F.3d 931, 951–52 (1st Cir.1995), but the Court avoided deciding the question on procedural grounds.