**Candido NERIS, et al., Plaintiffs,**

v.

**Pierre VIVONI, et al., Defendants.**

**Civil No. 02–1084(JAG).**

United States District Court,
D. Puerto Rico.

March 11, 2003.

---

Antonio Bauza–Torres, Hato Rey, PR, for plaintiffs.

Gloria Robison–Guarch, Commonwealth Department of Justice, San Juan, PR, for defendants.

## OPINION AND ORDER

GARCIA–GREGORY, DISTRICT JUDGE.[1]

On July 11, 2002, defendants Juan Torres ("Torres") and Margarita Carrasquillo ("Carrasquillo") moved to dismiss plaintiffs Candido Neris ("Neris") and Monica Rueda's ("Rueda") (collectively "plaintiffs") complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 10.) On September

---

1. Yamil Jaskille, a second-year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

5, 2002, Neris and Rueda filed an Amended Complaint (Docket No. 17) and an opposition (Docket No. 18). For the reasons discussed below, the Court grants the motion with respect to the § 1985 claims and denies the motion with respect to the § 1983 claims.

## FACTUAL BACKGROUND[2]

On January 23, 2000, defendant Nelson Vazquez ("Vazquez"), a sergeant in the Humacao precinct of the Puerto Rico Police Department (the "Humacao precinct"), gained access to Teresa Castro's ("Castro") residence. Castro works as a security guard in Palmas del Mar, a quasi-residential resort complex. Once inside the house, Vazquez beat and harassed Castro. He then proceeded to file false criminal charges against her.

Castro consulted with Neris, a police supervisor at Palmas del Mar, sought legal representation, and sued Vazquez. Vazquez thereafter repeatedly harassed and threatened Neris. Moreover, Vazquez persuaded Digna Ortiz ("Ortiz"), another security guard at Palmas del Mar, to assist him in harassing Neris. On January 24, 2001, in collaboration with Vazquez, Ortiz brought false charges of assault and sexual misconduct against Neris.

In June 2001, the Humacao Superior Court dismissed Ortiz's complaint against Neris. Vazquez then filed a second criminal complaint against Neris based on the same allegations contained in Ortiz's complaint. The Superior Court again dismissed the allegations. Vazquez then began sexually harassing Rueda, Neris' wife.

Torres, a commander in the Humacao precinct, began working as office supervisor on February 26, 2001. (Docket No. 10 at 2.) Carrasquillo, also a commander in the Humacao precinct, became office supervisor on August 1, 2001. *Id.* At some point during their supervisory role, Neris informed them about the violations Vazquez committed. Torres and Carrasquillo did not warn or discipline Vazquez. Neris attempted to schedule further appointments with Torres and Carrasquillo, but they refused to meet with him. Due to their inaction, plaintiffs spoke with unspecified "individuals higher in command." (Docket No. 18 at 6.) These higher officers in command transferred Vazquez away from the Humacao precinct. *Id.*

## DISCUSSION

### A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs' favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for presenting a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct

---

**2.** The Court culls the relevant facts from the Amended Complaint, unless otherwise speci-

fied. Certain facts—such as the relationship between the parties—remain unclear.

or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. *Plaintiffs' § 1983 claims*

In order to state a claim for deprivation of rights under 42 U.S.C. § 1983, plaintiffs must show that "the conduct complained of was committed by a person acting under color of law." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *see also Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553 (1st Cir.1989). Second, plaintiffs must show that defendants' conduct in fact deprived them of rights, privileges or immunities secured by the Constitution or laws of the United States. *See Parratt,* 451 U.S. at 535, 101 S.Ct. 1908; *Gutierrez–Rodriguez,* 882 F.2d at 559; *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985). Third, plaintiffs must show that defendants' conduct caused the deprivation of federal constitutional rights. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Figueroa v. Aponte–Roque,* 864 F.2d 947, 953 (1st Cir.1989). Finally, defendants' conduct must have been intentional, grossly negligent, or must have amounted to "reckless or callous indifference" to the constitutional rights of others. *Gutierrez–Rodriguez,* 882 F.2d at 569.

■ With respect to the second part of the inquiry, the First Circuit has ruled that supervisory officials can be liable for "the behavior of their subordinates" if (1) the behavior of such subordinates results in a constitutional violation and (2) the official's action or inaction was "affirmative[ly] link[ed]," *Oklahoma City v. Tuttle,* 471 U.S. 808, 823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), to that behavior in the sense that it could be characterized as "supervisory encouragement, condonation, or acquiescence" or "gross negligence amounting to deliberate indifference." *Lipsett v. University of P.R.,* 864 F.2d 881, 902 (1st Cir.1988); *see also Martinez Correa v. Lopez Feliciano,* 759 F.Supp. 947, 953 (D.P.R.1991).

■ In the § 1983 context, "[s]upervisory liability may not be predicated upon a theory of *respondeat superior." Febus–Rodriguez v. Betancourt–Lebron,* 14 F.3d 87, 91 (1st Cir.1994). A supervisor may be found liable only on the basis of his own acts or omissions. *See Bowen v. City of Manchester,* 966 F.2d 13, 20 (1st Cir.1992); *Gutierrez–Rodriguez,* 882 F.2d at 562. Moreover, a supervisor cannot be liable for merely negligent acts. Rather, a supervisor's acts or omissions must amount to a reckless or callous indifference to the constitutional rights of others. *See Gutierrez–Rodriguez,* 882 F.2d at 562; *Bordanaro v. McLeod,* 871 F.2d 1151, 1163 (1st Cir.1989).

■ Plaintiffs allege that they provided information to Torres and Carrasquillo about Vazquez's constitutional violations. Plaintiffs claim that even though Torres and Carrasquillo had actual knowledge about the situation, they took no affirmative action to sanction or otherwise prevent Vazquez from incurring in future unlawful conduct. Moreover, plaintiffs claim that there is a nexus between Torres and Carrasquillo's "gross negligence" or "deliberate indifference" and Vazquez's continuous unlawful conduct.

The Supreme Court defines "deliberate indifference" as an awareness of "facts from which the inference could be drawn that a substantial risk of serious harm exists...." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To impose supervisory liability, the movant must demonstrate that "an official has actual or constructive notice of

unconstitutional practices and demonstrates 'gross negligence' or 'deliberate indifference' by failing to act." *Ribot–Carino v. Laboy,* 196 F.Supp.2d 131, 135 (D.P.R.2002)(citing *Meriwether v. Coughlin,* 879 F.2d 1037, 1048 (2d Cir.1989)). Plaintiffs must allege that Torres and Carrasquillo had actual knowledge that Vazquez engaged in conduct that posed a substantial risk of serious harm, and that they disregarded that risk by failing to take reasonable measures to abate it. *See Farmer* at 842, 114 S.Ct. 1970. To survive a 12(b)(6) motion, *Farmer's* subjective inquiry of "deliberate indifference" requires plaintiffs to allege that they provided Torres and Carrasquillo with information regarding Vazquez's alleged acts and violations to their privacy and constitutional rights. The complaint shows that plaintiffs met with Torres and Carrasquillo and provided them information about Vazquez's unlawful acts.

Plaintiffs claim that most, if not all, of the acts alleged in the Complaint took place during the time that Torres and Carrasquillo were Vazquez's supervisors. (Docket No. 18 at 5.) The allegations indicate that "individuals higher in command," took the decision to transfer Vazquez away from the Humacao precinct. (Docket 18 at 6.)

At this stage, plaintiffs have set forth sufficient factual allegations to state a claim under § 1983. *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988). The Court will only take into account Vazquez's allegedly unlawful acts after Torres and Carrasquillo became supervisors for the Humacao precinct, since Torres and Carrasquillo cannot be held liable for acts that occurred before they began working in the Humacao precinct. Supervisors can only be found liable for their own acts or omissions. *Arocho v. Dep't of Labor and Human Res. of P.R.,* 218 F.Supp.2d 145, 149 (D.P.R.2002).

### C. *Plaintiffs' § 1985 claims*

There is liability under § 1985 if "two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." The Court has long held that "issues addressed in a perfunctory manner are deemed waived." *Rodriguez–Guzman v. Garcia,* 86 F.3d 1146, 1146, 1996 WL 202217 (1st Cir.1996) (*citing U.S. v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990)).

■ The Complaint alleges a conspiracy between Ortiz and Vazquez to deprive plaintiffs of their constitutional rights pursuant to the Fifth and Fourteenth Amendments of the Constitution of the United States. Vazquez allegedly conspired with Ortiz on January 24, 2001 by filing a false accusation against Neris. Plaintiffs, however, do not include Torres and Carrasquillo in the conspiratorial scheme. Torres assumed his duties on February 26, 2001; Carrasquillo on August 1, 2001. Since Torres and Carrasquillo began working in the Humacao precinct after the alleged conspiracy occurred, the § 1985 claim against them cannot stand.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Torres and Carrasquillo's motion to dismiss as to the § 1983 claims and **GRANTS** the motion as to the § 1985 claims.

IT IS SO ORDERED.