Rosa **GOMEZ GONZALEZ,** Plaintiff,

v.

**GUIDANT CORPORATION,**
et al., Defendants

No. CIV. 04–2297(JP).

United States District Court,
D. Puerto Rico.

March 3, 2005.

Armando Porrata–Doria, Esq., San Juan, PR, for Plaintiff.

Alcides A. Reyes–Gilestra, Esq., San Juan, PR, for Defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

Before the Court is Defendants' unopposed "Motion to Dismiss" (**docket No. 5**). Plaintiff brings this case before the Court pursuant to the Americans with Disabilities Act of 1991, 42 U.S.C. § 12101, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, among others. Plaintiff Rosa Gómez, an employee of Guidant Corporation, alleges that she was deprived of her rights to due process and equal protection, among others, and that she was retaliated against and discriminated against by Defendants, as a result of which she has suffered damages.

Defendants are Guidant Puerto Rico BV, Heriberto Díaz, Américo O'Neill, and Luis Fuentes, who now pray this Court to dismiss the complaint on four different grounds: 1) that Plaintiff failed to exhaust administrative remedies as to Defendants Américo O'Neill and Luis Fuentes; 2) that Plaintiff's ADEA and Title VII claims should be dismissed for insufficiency of the allegations; 3) that personal liability cannot attach to individuals in claims under the ADEA, ADA and Title VII; and lastly, that dismissal should ensue because Plaintiff's complaint fails to state a claim under the ADA. For the foregoing reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

## II. STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); *see also Berrios v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d 61 (D.Puerto Rico 1999) (Pieras, J.). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (*quoting*

*Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)). It is with this framework in mind that this Court will assess the motion before it.

## III. FACTUAL ALLEGATIONS

1. Co–Defendant Guidant Puerto Rico is a corporation authorized to do business in Puerto Rico.

2. Co–Defendant Heriberto Díaz is Guidant's General Manager.

3. Co–Defendant Américo O'Neill is a Supervisor at Guidant.

4. Co–Defendant Luis Fuentes is also a Supervisor at Guidant.

5. Plaintiff began working for co-Defendant Guidant on or around 1996.

6. In 1997, Plaintiff was submitted to a radical mastectomy of her left breast, and since then has been receiving daily chemotherapy treatments.

7. Part of her treatment entails taking two tablets every day and attending periodic check-ups with her doctor 2 to 3 times a month.

8. In order to attend the checkups, Plaintiff has to be absent from her job.

9. Guidant was aware of Plaintiff's condition.

10. After several instances wherein which Plaintiff was reprimanded for her absences due to said regular check-ups, Plaintiff filed a Discrimination Charge before the Anti-discrimination Unit of the Department of Labor and Human Resources of Puerto Rico on June 14, 2002.

11. Said complaint alleged disability and sex discrimination, but which was voluntarily dismissed by Plaintiff after the parties entered into a settlement agreement on July 15, 2003.

12. After July 2003, several incidents occurred where Plaintiff states that Defendants continued Plaintiff's harassment and discriminatory acts against her.

13. Plaintiff, as a result of her radical mastectomy and the chemotherapy treatment she has undergone, has suffered many side affects.

14. In order to be able to perform her job adequately, Plaintiff has requested reasonable accommodation applying for another position.

15. Plaintiff has been denied by Defendants any promotion and benefits she has been entitled to as retaliation for the charge filed.

16. Plaintiff has further been requesting a change to another department, and other personnel were changed to other departments as requested, in spite of the fact that Plaintiff was better qualified, had more experience and seniority.

17. Plaintiff feels that Defendants' actions have resulted in a demotion.

18. Defendants failed to award Plaintiff certificates she expected to receive due to her job performance, but which were later given to her.

19. On one occasion, supervisors informed Plaintiff she was receiving a "warning" in her record regarding an incident that had occurred ten (10) months before that day, and she states she was pressured to sign the "warning" which she refused to do.

20. Plaintiff was given no further information regarding the source of the warning.

21. Plaintiff felt she was being pressured into speaking about the settlement agreement she had entered into with Defendants, in open violation to the non-disclosure clause that was part of the agreement, so that it would be declared null and void and thus left without effect.

22. Plaintiff has been diagnosed as having panic attacks, high blood pressure, suffering from an emotional crisis, tachycardia and emotional hyper-tension, and has been given tranquilizers.

23. Plaintiff additionally was told to rest for one (1) month and to be kept under observation and continuous medical treatment, but was granted half that time by Defendants.

## IV. ANALYSIS

From the outset, the Court **NOTES** that although Defendants mentioned and argued in their motion that the Complaint raised causes of action based on the Age Discrimination in Employment Act, the Court was unable to find any such allegations in the Complaint, and will therefore not address this issue in this Opinion as it does not form part of Plaintiff's case.

### A. *Exhaustion of Administrative Remedies*

Defendant argues that Plaintiff failed to exhaust administrative remedies as to co-Defendants Américo O'Neill and Luis Fuentes, since they were not mentioned in the EEOC charge of June 2, 2004 [1].

1. The June 2, 2004 claim was the one that gave rise to this cause of action, and therefore, the only one that the Court will consider in its analysis. The initial claim of June 14,

It is well settled law that a plaintiff generally may not maintain a suit against a defendant in federal court if that defendant was not named in the administrative proceedings and offered an opportunity for conciliation or voluntary compliance. *See* 42 U.S.C. § 2000e–5(f) ("civil action may be brought against the respondent named in the charge"); *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 505 (1st Cir.1996) (discussing cases that state that an employer may not be named in a civil suit unless it was charged before the EEOC).

Defendants are also correct in pointing out that the administrative charging requirement ensures that the defendant has notification of the pending proceedings, and that the requirement furthers the goal of voluntary compliance with Title VII. Not having been notified about the EEOC complaint, the Court therefore **DISMISSES WITH PREJUDICE** the claims brought against co-Defendants Américo O'Neill and Luis Fuentes for failure to exhaust administrative remedies.

### B. *Individual Liability Under Title VII*

■ The Court however finds a second reason to dismiss with prejudice the claims against co-Defendants Américo O'Neill and Luis Fuentes, as well as those against co-Defendant Heriberto Díaz: that they are not employers within the meaning of Title VII, and further, that Title VII does not provide for individual liability.

Because Title VII is directed at "employers", determining the meaning of this term is essential to this analysis. Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day and *any agent of such person*." 42 U.S.C. § 2000–e (emphasis added). Therefore, because "individual capacity" co-Defendants are not the employ-

ing entity, the Court will focus on whether they can be held liable as agents of the employing entity. *See Rivera Rodriguez v. Police Dept. of Puerto Rico*, 968 F.Supp. 783, 785 (D.Puerto Rico 1997) (Pieras, J.); *Anonymous v. Legal Servs. Corp. of Puerto Rico*, 932 F.Supp. 49, 50 (D.Puerto Rico 1996) (stating that "resolution of the [individual liability] question depends on how the 'and any agent' language is interpreted"). That is to say, the Court must decide whether Title VII, by including in its definition of employer any agent of "a person engaged in an industry affecting commerce who has fifteen or more employees," intended for such agents to be subject to liability for engaging in the proscribed discriminatory behavior. 42 U.S.C. § 2000e–2.

Although the First Circuit has yet to decide whether a Title VII plaintiff may maintain a suit against an individual in his personal capacity, most circuits have held that no personal liability can be attached to agents or supervisors under Title VII. *See Serapion v. Martinez*, 119 F.3d 982 (1st Cir.1997) (declining to address the issue of individual liability); *but see Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir.1998) (citing *Williams v. Banning*, 72 F.3d 552 (7th Cir.1995), where no individual liability under Title VII was found); *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (no individual liability under Title VII); *Wathen v. General Elec. Co.*, 115 F.3d 400, 405–06 (6th Cir.1997) (same); *Haynes v. Williams*, 88 F.3d 898 (10th Cir.1996) (same); *Dici v. Com. of Pa.*, 91 F.3d 542 (3rd Cir.1996) (same); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2nd Cir.1995) (same); *Gary v. Long*, 59 F.3d 1391 (D.C.Cir.1995) (same); *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377 (8th Cir. 1995) (same); *Smith v. Lomax*, 45 F.3d

2004, having been settled by the parties, is of no consequence to this analysis.

402 (11th Cir.1995) (same); *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994) (same); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583 (9th Cir.1993) (same).

Like the majority of the circuit courts, this District has generally held that individual defendants are not liable under Title VII. *See Canabal v. Aramark Corp.*, 48 F.Supp.2d 94, 95–98 (D.Puerto Rico 1999) (Pieras, J.); *Acevedo Vargas v. Colon*, 2 F.Supp.2d at 206; *Pineda v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88, 92–93 (D.Puerto Rico 1997); *Hernandez v. Wangen*, 938 F.Supp. 1052 (D.Puerto Rico 1996); *Anonymous v. Legal Serv. Corp.*, 932 F.Supp. at 50–51.

The Court is compelled by the reasoning of previous decisions within this District. Title VII's statutory structure suggests that Congress did not intend to impose individual liability over supervisors or agents of employers. *See Acevedo Vargas v. Colon*, 2 F.Supp.2d at 206. Liability under the statute is triggered only when the defendant/employer retains fifteen or more employees. *See* 42 U.S.C. § 2000e. In establishing this threshold, Congress sought to protect small entities. *See Tomka v. Seiler Corp.*, 66 F.3d at 1319. Thus, " '[i]f Congress decided to protect such entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liabilities to run against individual employees.' " *Acevedo Vargas v. Colon*, 2 F.Supp.2d at 206–07 (*citing Miller*, 991 F.2d at 587).

Further, because liability under Title VII hinges on retaining 15 or more employees, in order to hold an individual liable, the employing entity would have to retain at least 15 employees. If that num-

ber is not surpassed, individuals would not be subject to liability. Therefore, individual liability derives from the employer's exposure to liability, which is limited, and the Court therefore finds, as have the majority of other Courts, that liability cannot attach to individuals. Had Congress intended to hold individuals liable, it would have expressly addressed the actions and conditions that would subject them to liability in the statute. *Canabal*, 48 F.Supp.2d at 96.

In addition, this District has concluded that the tasks mandated to employers under Title VII are applicable to the corporate entities and not to individual supervisors. *See Hernandez v. Wangen*, 938 F.Supp. at 1064 (noting that tasks such as maintaining records that shed light on potential unlawful employment practices and posting notices about the provisions of Title VII in conspicuous places on the work premises are undoubtedly tasks associated with corporate entities, not individuals). Therefore, because Title VII is mostly structured to guide an employer's behavior, the Court finds that Title VII does not provide for individual liability [2].

For this reason, the Court hereby **GRANTS** co-Defendants Heriberto Díaz, Américo O'Neill, and Luis Fuentes' Motion to Dismiss and hereby **DISMISSES WITH PREJUDICE** Plaintiff's Title VII claims against co-Defendants Heriberto Díaz, Américo O'Neill, and Luis Fuentes.

### C. *Prima facie case*

Lastly, Defendants argue that Plaintiffs have failed to adequately plead a case under Title VII or the ADA. The Court disagrees. Defendants are reminded that

---

**2.** The Court notes it has found previously that an "alter-ego" exception, to the rule against individual liability under Title VII, exists. See *Canabal*, 48 F.Supp.2d at 97; *Santiago*, 33 F.Supp.2d at 102. However, in the case at hand, Plaintiff has not alleged in her com-

plaint nor have Defendants raised the issue, that "individual capacity" co-Defendants are an "alter-ego" of Plaintiff's employer. For this reason the Court need not enter this analysis.

at this stage of the litigation, *all facts averred by Plaintiff are taken as true,* and all reasonable inferences are to be made in favor of Plaintiff.

 Plaintiff has averred sufficient facts in support of a colorable claim. Among others, she has averred that: after she was reprimanded several times for her absences, she filed a discrimination charge which was subsequently settled; that Defendants have continued to harass and discriminate against her in a number of ways; that has been denied any promotion and benefits she has been entitled to as retaliation for the charge she filed; that she has been requesting a transfer to another department, and other less senior personnel were transferred, but she was not; that Defendants' actions have resulted in a demotion; that her job award certificates were not awarded to her until she complained; that she received several warnings in her record and was given no information regarding the cause therefor; and that she suffered a episode at work that required rest and Defendants did not give her the necessary time off, among others.

As this Court noted in *Rodriguez–Guzman v. Garcia,* 901 F.Supp. 45, 49 (D.Puerto Rico 1995) (Pieras, J.), *quoting United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990), "issues adverted to in a perfunctory manner, unaccompanied by some effort at argumentation are deemed waived . . . it is not sufficient for a party to mention an argument in the most skeletal way, leaving for the Court to . . . put flesh on its bones." The Court finds that Plaintiff has adequately pled her case at this stage of the litigation. This is a case addressing Defendants' *discriminatory animus,* or lack thereof, in their actions. The Court finds that Plaintiff has validly raised a colorable claim at this stage of these proceedings and therefore, **DENIES** Defendants' motion to dismiss on the grounds of insufficiency of the pleadings.

## V. CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss **DISMISSING WITH PREJUDICE** all claims brought against co-Defendants Américo O'Neill and Luis Fuentes for failure to exhaust administrative remedies; **DISMISSING WITH PREJUDICE** all Title VII claims brought against co-Defendants Américo O'Neill, Luis Fuentes and Heriberto Díaz; and **DENYING** Defendants' motion to dismiss for failure to state a claim.

**IT IS SO ORDERED.**