**Edna M. HERNANDEZ–MIRANDA, Plaintiff**

v.

**Empresas DIAZ–MASSO, et al., Defendants.**

**Civil No. 06–2018 (FAB).**

United States District Court, D. Puerto Rico.

Dec. 27, 2007.

Francisco M. Lopez–Romo, San Juan, PR, for Plaintiff.

Carlos F. Lopez–Lopez, Carlos F. Lopez Law Office, Yolanda V. Toyos–Olascoaga, Ramos Gonzalez & Toyos Olascoaga, San Juan, PR, for Defendant Empresas Diaz Masso, Inc.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On August 27, 2007, defendants Mike Hernandez, his wife Elizabeth Cordero Caro and their conjugal partnership, Alexis Lugo, Francisco Diaz–Masso, his wife Jane Doe and their conjugal partnership ("the individual defendants") requested that the Court dismiss plaintiff's Title VII claims against them arguing that the statute does not provide for individual liability.[1] (Docket Nos. 36 and 38) On September 21, 2007, plaintiff opposed. (Docket No. 54). For the reasons set forth below,

---

1. As it appears from the Amended Complaint, the individual defendants were only sued in their individual capacities. *See* Docket No. 15, ¶¶ 3 (Francisco Diaz Masso), 5 (Mike Hernandez) and 9 (Alexis Lugo).

the Court **GRANTS** defendants' request and dismisses plaintiff's Title VII claims against the individual defendants.

Section 701 of Title VII, 42 U.S.C.A. § 2000, defines the term employer as "a person engaged in an industry affecting commerce who has fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . ."

"Although the First Circuit [Court of Appeals] has yet to decide whether a Title VII plaintiff may maintain a suit against an individual in his personal capacity, most circuits have held that no personal liability can be attached to agents or supervisors under Title VII."[2] *Gomez Gonzalez v. Guidant Corp.*, 364 F.Supp.2d 112, 115–116 (D.P.R.2005). *See Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2nd Cir.2003); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3rd Cir.2002); *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–181 (4th Cir.1998); *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994) *cert. denied*, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Wathen v. General Elec. Co.*, 115 F.3d 400, 405–406 (6th Cir.1997); *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir.1995); *Lenhardt v. Basic Inst. of Tech., Inc.* 55 F.3d 377 (8th Cir.1995); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir.1998); *Haynes v. Williams*, 88 F.3d 898 (10th Cir.1996).

Following the majority of the circuit courts of appeal, this Court has held that individual defendants are not liable under Title VII. *Del Pilar Salgado v. Abbott Laboratories*, 520 F.Supp.2d 279 (D.P.R. 2007); *Vargas–Caban v. Sally Beauty Supply Co.*, 476 F.Supp.2d 109, 115–116 (D.P.R.2007); *Gomez–Gonzalez*, 364 F.Supp.2d at 115; *Vargas v. Fuller Brush Co. of Puerto Rico*, 336 F.Supp.2d 134, 139 (D.P.R.2004); *Velez Sotomayor v. Progreso Cash & Carry, Inc.*, 279 F.Supp.2d 65 (D.P.R.2003); *Padilla Cintrón v. Rossello González*, 247 F.Supp.2d 48 (D.P.R.2003); *Canabal v. Aramark Corp.*, 48 F.Supp.2d 94, 95–98 (D.P.R.1999); *Acevedo Vargas v. Colón*, 2 F.Supp.2d 203, 206 (D.P.R.1998); *Pineda v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88, 92–93 (D.P.R.1997); *Hernández v. Wangen*, 938 F.Supp. 1052, 1063 (D.P.R.1996); *Anonymous v. Legal Services Corp.*, 932 F.Supp. 49, 50–51 (D.P.R. 1996).[3]

In her opposition to defendants' motions to dismiss, plaintiff states no valid argument for the Court to depart from the majority view of the circuits in the nation and the numerous cases decided by this Court that have clearly held that no individual liability exists under Title VII. Accordingly, defendants' request is **GRANTED.** Plaintiff's claims against defendants Hernandez, Cordero–Caro, the conjugal partnership Hernandez–Cordero, Lugo, Diaz–Masso, Jane Doe and the conjugal partnership Diaz–Doe are dismissed **WITH PREJUDICE.**

**2.** In fact, the First Circuit Court of Appeals left the question of individual liability open in *Valentin–Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 101 n. 18 (1st Cir.2006).

**3.** For additional discussion on the undecided question as to Title VII individual liability, *see* Scott J. Connolly, Note 421, INDIVIDUAL LIABILITY OF SUPERVISORS FOR SEXUAL HARASSMENT UNDER TITLE VII: COURTS' RELIANCE ON THE RULES OF STATUTORY CONSTRUCTION, 42 Boston College Law School 421 (2001) (indicating that the United States Supreme Court has not considered the issue of individual liability under Title VII for workplace sexual harassment, reviewing the case law addressing the issue of individual liability of supervisors under Title VII, and concluding that Title VII imposes liability only on employers. Simply stated, supervisors cannot be sued as individuals under Title VII)

Because no federal claims against the individual defendants on which to ground jurisdiction remain in this case after dismissal of Title VII claims, plaintiff's supplemental state law claims against them are dismissed **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). Partial judgment shall enter accordingly.

**IT IS SO ORDERED.**